UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            **MEMORANDUM OF LAW & ORDER**
                              Criminal File No. 11-87 (MJD/JJK)

(1) JULIAN OKEAYAINNEH,

        Defendant.

Ann M. Anaya, Assistant United States Attorney, Counsel for Plaintiff.

Jean M. Brandl, Heltzer & Houghtaling, P.A., Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on Defendant Julian Okeayainneh's Post-Trial Motion for a New Trial [Docket No. 635] and Post-Trial Motion for Judgment of Acquittal [Docket No 636].

## II. BACKGROUND

The Third Superseding Indictment charged Okeayainneh with Count 1, conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1344, 1349; Counts

3-5, 8, 11, and 13-18, bank fraud or attempted bank fraud, in violation of 18 U.S.C. §§ 2, 1344, 1349; Counts 19 and 21-25, mail fraud, in violation of 18 U.S.C. §§ 2, 1341, 1349; Counts 26-27, wire fraud, in violation of 18 U.S.C. §§ 2, 1343, 1349; Counts 29-31 and 38-39, aggravated identity theft, in violation of 18 U.S.C. §§ 2, 1028A; Count 40, conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h); and Count 41, trafficking in false authentication features, in violation of 18 U.S.C. §§ 2, 1028(a)(8), 1028(b)(1). On February 28, 2012, a jury found Okeayainneh guilty of all counts against him, with the exception of Count 31, aggravated identity theft from November 19, 2009, through December 14, 2009. He now moves for judgment of acquittal or, in the alternative, for a new trial on all counts of conviction. He makes the same arguments for each motion.

III. DISCUSSION

　　A. Standard for Motion for a New Trial

　　Under Rule 33 of the Federal Rules of Criminal Procedure, the Court may vacate any judgment and grant a new trial if the interest of justice so requires.

> The decision to grant or deny a motion for a new trial based upon the weight of the evidence is within the sound discretion of the trial court. While the district court's discretion is quite broad—it can weigh the evidence, disbelieve witnesses, and grant a new trial even where there is substantial evidence to sustain the verdict, there are limits to it. Unless the district court ultimately determines that a

miscarriage of justice will occur, the jury's verdict must be allowed to stand.

United States v. Campos, 306 F.3d 577, 579 (8th Cir. 2002) (citations omitted).

> [M]otions for new trials based on the weight of the evidence generally are disfavored, and the district court's authority to grant a new trial should be exercised sparingly and with caution. The jury's verdict must be allowed to stand unless the evidence weighs heavily enough against the verdict [such] that a miscarriage of justice may have occurred.

United States v. Johnson, 474 F.3d 1044, 1050-51 (8th Cir. 2007) (citations omitted).

### B. Standard for Judgment of Acquittal

When deciding a motion for acquittal, the Court views the evidence and all reasonable inferences from it in the light most favorable to the verdict. United States v. Hood, 51 F.3d 128, 129 (8th Cir. 1995). If there is an interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt, that verdict must be upheld. Id.

### C. Count 1: Conspiracy to Commit Bank Fraud

Defendant argues that, although Count 1 charged a single conspiracy to commit bank fraud, the evidence at trial indicated multiple conspiracies, and the

Government failed to prove that a single conspiracy, joined by Okeayainneh, existed, beyond a reasonable doubt.

> To convict [the defendants] of conspiracy, the government was required to show that there was a conspiracy with an illegal purpose, [both defendants] were aware of the conspiracy, and they both knowingly became part of it. A formal agreement is not required to create a conspiracy, and the existence of a conspiracy can be proved by direct or circumstantial evidence.

United States v. Dupont, 672 F.3d 580, 583 (8th Cir. 2012).

> Whether a given case involves single or multiple conspiracies depends on whether there was one overall agreement to perform various functions to achieve the objectives of the conspiracy. That the conspirators entered the conspiracy at different times and played discrete roles does not compel a finding of multiple conspiracies.

United States v. Chahia, 544 F.3d 890, 895 (8th Cir. 2008) (citations omitted).

> A single conspiracy is composed of individuals sharing common purposes or objectives under one general agreement. A single conspiracy may exist even if the participants and their activities change over time, and even if many participants are unaware of, or uninvolved in, some of the transactions. Further, the agreement need not be explicit, but may be tacit, based upon the actions of the defendant.

United States v. Ramon-Rodriguez, 492 F.3d 930, 941 (8th Cir. 2007) (citation omitted). "It is not necessary that all co-conspirators know one another or collaborate with every other member of a conspiracy for there to be a single conspiracy." Id. (citation omitted).

To determine whether a case involves single or multiple conspiracies, the Court considers "factors such as the nature of the activities, the location where the alleged events of the conspiracy occurred, the identity of the co-conspirators, and the time frame." Id. (citation omitted).  In making its determination, the Court considers the totality of the circumstances and, because it is a question of fact, all reasonable inferences are made in favor of the verdict.  United States v. Radtke, 415 F.3d 826, 838 (8th Cir. 2005).

Based on its review of the evidence submitted at trial, the Court concludes that there is sufficient evidence for a reasonable jury to find, beyond a reasonable doubt, that there existed a single conspiracy to commit bank fraud and that Okeayainneh voluntarily and knowingly joined that conspiracy, meeting the essential elements of Count 1 of the Third Superseding Indictment.  The evidence is considerable that he provided stolen identifiers to co-conspirators to accomplish the bank fraud and used them himself.  He also benefitted from the proceeds of the bank fraud, collecting money from coconspirators such as Jamie Brynteson, and directed the structure and activities of the conspiracy. Defendant's Motion for Acquittal is denied.

The Court is intimately familiar with the evidence in this matter. After presiding over the trial and careful review of the evidence, including the telephone records, the contents of Okeayainneh's storage locker, and extensive witness testimony, the Court concludes that the jury reasonably weighed the evidence to reach a guilty verdict. There was substantial evidence that Defendant not only joined the conspiracy, but directed members of the conspiracy, collected the proceeds of the fraud, and controlled vast amounts of the material used to carry out the conspiracy. A miscarriage of justice has not occurred. Defendant's motion for a new trial is denied.

### D.     Count 40: Conspiracy to Commit Money Laundering

Defendant asserts that he should be acquitted or granted a new trial on Count 40 because 1) the Government let the jury decide between two different theories of money laundering conspiracy – money sent by Oladipo Coker to Nigeria in a shipping container and items sent by Okeayainneh to Nigeria from California; 2) there was no evidence that Okeayainneh was linked to cash sent to Nigeria by Coker; 3) there was no evidence that Okeayainneh sent illegal items; and 4) there was no evidence that Okeayainneh worked with one or more other persons to ship items to Nigeria.

The evidence submitted at trial supports the jury's finding that Okeayainneh conspired with Coker and others to commit money laundering by conducting financial transactions affecting interstate commerce with funds that involved the proceeds from bank fraud, when Okeayainneh knew that the funds represented the proceeds of bank fraud and that the transaction was designed to conceal or disguise the nature or source of the proceeds of the bank fraud and to avoid state or federal transaction recording requirements. The evidence showed that Okeayainneh and Coker conspired together to withdraw proceeds of the bank fraud in amounts under $10,000 and direct others, such as Angela Grigsby, to do so, to use stolen identities to make bank transactions, to use stolen identities to open bank accounts and then to use those bank accounts to covert the bank fraud proceeds into cash. Okeayainneh also used $55,000 in cash to purchase a cashier's check through Cosmas Udengwu and then purchase a vehicle with that cashier's check. These transactions were designed to conceal and disguise the nature or source of the proceeds of the bank fraud or to avoid state or federal transaction recording requirements. Overall, the evidence showed one ongoing conspiracy between Okeayainneh and Coker to commit money laundering, which was carried out through various different individual

acts, such as Okeayainneh's laundering of the cash through the cashier's check and car purchase.

The Court concludes that there is sufficient evidence for a reasonable jury to find, beyond a reasonable doubt, that there existed a single conspiracy to commit money laundering and that Okeayainneh voluntarily and knowingly joined that conspiracy, meeting the essential elements of Count 40 of the Third Superseding Indictment. Okeayainneh's motion for judgment of acquittal is denied.

Additionally, after careful review of the evidence, the Court concludes that the jury reasonably weighed the evidence to reach a guilty verdict on Count 40. A miscarriage of justice has not occurred. Defendant's motion for a new trial is denied.

### E. General Sufficiency of the Evidence

Defendant argues that, generally, there was insufficient evidence on all of the charges of which he was convicted, except for Count 41, trafficking in false authentication features. The Court is deeply familiar with the evidence in this case and presided over the trial. There was extensive evidence against Okeayainneh for each count of conviction. For example, credible witness

testimony, from witnesses such as Angela Grigsby, Jamie Brynteson, and Bernard Thomas, established that he not only participated in, but directed the bank fraud conspiracy.  Testimony from Paula Sue Dukesherer and the plethora of evidence in the storage locker belonging to Okeayainneh further established his key role in this extensive, nationwide fraud conspiracy.  Among other things, telephone records, testimony from Cosmas Udengwu and Angela Grigsby, and documentary evidence, established Okeayainneh's role in the money laundering conspiracy.  The Court has reviewed the evidence with regard to each count of conviction and concludes that there was no miscarriage of justice warranting a new trial.  Furthermore, a reasonable jury was justified in finding Okeayainneh guilty on each count of conviction, so his motion for judgment of acquittal is denied.

### F.     Double Jeopardy

Defendant asserts that the Double Jeopardy Clause was violated when he was convicted of conspiracy to commit bank fraud and 11 counts of bank fraud.

"Multiple punishments for the same criminal offense are barred by the Double Jeopardy Clause of the Fifth Amendment.  In order to show a violation of that clause, a defendant must show that the two offenses charged are in law and

fact the same offense." United States v. Roy, 408 F.3d 484, 491 (8th Cir. 2005) (citations omitted).

The Court rejects Okeayainneh's double jeopardy argument. "[A] substantive crime and a conspiracy to commit that crime are not the 'same offence' for double jeopardy purposes." United States v. Felix, 503 U.S. 378, 389 (1992). See also United States v. Bennett, 44 F.3d 1364, 1375 (8th Cir. 1995) ("[I]t is axiomatic that a substantive offense is distinct from a conspiracy to commit that or another substantive offense.") (citations omitted). The Court denies Defendant's motion for acquittal and motion for a new trial based on double jeopardy.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Julian Okeayainneh's Post-Trial Motion for a New Trial [Docket No. 635] is **DENIED**.

2. Defendant's Post-Trial Motion for Judgment of Acquittal [Docket No 636] is **DENIED**.

Dated:   June 22, 2012          s/ Michael J. Davis
                                Michael J. Davis
                                Chief Judge
                                United States District Court