## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

       Plaintiff,

v.

       **MEMORANDUM OF LAW & ORDER**
       Criminal File No. 11-87 (MJD/HB)

(1) JULIAN OKEAYAINNEH,

       Defendant.

Defendant Julian Okeayainneh, pro se.

## I.    INTRODUCTION

This matter is before the Court on Defendant Julian Okeayainneh's Pro Se

Renewed Revised Motion for the Production of Full Unredacted Chronological

Disclosure of the Grand Jury Transcript Record, Appointment of Counsel and

Request for Oral Hearing.  [Docket No. 1206]

## II.    BACKGROUND

On December 20, 2010, the Government filed a Complaint against

Defendant Julian Okeayainneh asserting conspiracy, bank fraud, and identity

theft.  [Docket No. 1]  On February 22, 2011, a Preliminary Examination and Detention Hearing was held.  [Docket No. 15]  On March 8, 2011, the grand jury returned a multicount indictment against Defendant, charging him with, among other things, bank fraud, mail fraud, wire fraud, and identity theft.  [Docket No. 34]

On August 21, 2011, through counsel, Defendant requested production of the grand jury transcripts, and in particular, of the transcript of the testimony of Special Agent Randall Flint on the grounds that he had knowingly presented false testimony before the grand jury and during the Preliminary Hearing and Detention Hearing on February 22, 2011.  [Docket No. 447]  Defendant also moved to dismiss the indictment.  [Docket No. 445]  The Court denied Defendant's motions.  [Docket Nos. 480, 511]  The Court noted that the Government represented that Special Agent Flint did not testify before the grand jury and, even if he had given testimony before the grand jury that was identical to the testimony he had provided to the Court during the February 22, 2011, hearing, there was no basis to dismiss the indictment.

On February 28, 2012, a jury found Defendant guilty of counts in the Third Superseding Indictment of conspiracy to commit bank fraud, bank fraud, mail

fraud, wire fraud, aggravated identity theft, conspiracy to commit money laundering, and trafficking in false authentication features. [Docket No. 625]

Defendant appealed both his conviction and his sentence. The Eighth Circuit affirmed his conviction and remanded for resentencing based on the application of the obstruction of justice enhancement. [Docket No. 1046] The Court resentenced Defendant on December 22, 2015. [Docket Nos. 1155, 1158] Defendant appealed his resentencing. The Eighth Circuit Court of Appeals affirmed, and the United States Supreme Court denied Defendant's petition for writ of certiorari and petition for rehearing. [Docket Nos. 1192, 1193, 1199, 1202, 1208]

On March 17, 2017, Defendant filed the current Pro Se Renewed Revised Motion for the Production of Full Unredacted Chronological Disclosure of the Grand Jury Transcript Record, Appointment of Counsel and Request for Oral Hearing. [Docket No. 1206] Defendant asserts that the grand jury records are necessary to show that his due process rights were violated when the Court previously refused to release the grand jury transcript in order to allow Defendant to cross examine Special Agents Flint and James Shoup on statements made in the Preliminary Hearing and Detention Hearing on February 22, 2011.

Also on March 17, 2017, Defendant filed a Petition for Writ of Mandamus with the Eighth Circuit Court of Appeals, requesting that the appellate court direct this Court to order production of the full unredacted grand jury transcript. See In re: Okeayainneh, 17-1601 (8th Cir. Mar. 21, 2017). The Eighth Circuit denied Defendant's petition on March 23, 2017. [Docket Nos. 1209-10]

## III. DISCUSSION

### A. Request for Grand Jury Transcript

Grand jury proceedings are secret. Fed. R. Crim. P. 6(e)(2). "The court may authorize disclosure . . . of a grand-jury matter . . . at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury. . . ." Fed. R. Crim. P. 6(e)(3)(E)(ii).

"It is well-established that a showing of particularized need is necessary before the court will accede to such a release." United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994) (citations omitted). "The decision is left to the sound discretion of the trial judge and may only be reversed for an abuse of discretion." Id. (citation omitted).

The Court has thoroughly reviewed Defendant's current motion.

Defendant has not shown that any ground may exist to dismiss the indictment

because of a matter that occurred before the grand jury.  Defendant has failed to

show a particularized need for the grand jury transcripts.  He has not shown that

he needs the transcript to avoid a possible injustice.  Therefore, Defendant's

motion for disclosure of the grand jury transcript is denied.  The Court finds that

a hearing on this motion is not necessary.

### B.      Request for an Attorney

> There is no right to counsel on habeas review.  Nevertheless, an
> indigent pro se litigant who has met his burden of showing his
> complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should
> be appointed counsel where necessary.  The standard for
> appointment of counsel in § 1915(d) cases is whether both petitioner
> and the court would benefit from the assistance of counsel.

Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995) (citations omitted).

In this case, Defendant has not shown that his motion is not frivolous, and

the Court concludes that appointment of counsel to assist Defendant in pursuing

this motion would benefit neither Defendant nor the Court.  See id. at 1081-82.

Accordingly, based upon the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**:

Julian Okeayainneh's Pro Se Renewed Revised Motion for the Production of Full Unredacted Chronological Disclosure of the Grand Jury Transcript Record, Appointment of Counsel and Request for Oral Hearing [Docket No. 1206] is **DENIED**.


Dated:   April 20, 2017                    s/ Michael J. Davis
                                           Michael J. Davis
                                           United States District Court