UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

    Plaintiff,

v.            **MEMORANDUM OF LAW & ORDER**
                Criminal File No. 11-87 (MJD/HB)

(1) JULIAN OKEAYAINNEH,

    Defendant.

Lola Velazquez-Aguilu, Assistant United States Attorney, Counsel for Plaintiff.

Julian Okeayainneh, pro se.

## I. INTRODUCTION

This matter is before the Court on Defendant Julian Okeayainneh's Motion to Reconsider and Order Government to Provide Evidence. [Docket No. 1265]

## II. BACKGROUND

In 2017, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 1219], as well as various related motions. On August 1, 2018, the Court denied Defendant's motions. [Docket No. 1256] Defendant now moves for reconsideration of the Court's August 1 Order. Specifically, Defendant requests

1

that the Court reconsider its denial of his argument that he is entitled to habeas relief because his defense counsel was ineffective for failing to seek a stay of this Court's January 24, 2012 order [Docket No. 585] continuing the trial date because he claims that, if a stay had been granted, defense counsel could have investigated whether a particular Assistant United States Attorney was authorized to practice law in the District of Minnesota.  Defendant also seeks reconsideration of the Court's denial of his Petition to Dismiss Indictment(s) [Docket No. 1242] and Petition for Judicial Notice of Adjudicative Facts [Docket No. 1251], which were based on his claim that the Assistant United States Attorneys failed to take the oath of office before their participation in Defendant's case.

### III. DISCUSSION

The Eighth Circuit "typically construe[s] [a motion for reconsideration of a denial of a 2255 motion] as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." Ackerland v. United States, 633 F.3d 698, 701 (8th Cir. 2011).

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e). . . ." United States v. Metro. St. Louis Sewer Dist., 440 F.3d 930, 933 (8th Cir. 2006).  "Rule

59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." Id. (citations omitted).

The Court has thoroughly reviewed Defendant's motion for reconsideration and the Court's August 1, 2018 Order and concludes that the Court's Order contains no manifest errors of law or fact. Nor has Defendant offered new evidence that would alter the Court's Order.

Rule 60(b) provides:

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

The Court has reviewed Defendant's motion and the August 1, 2018 Order and Judgment and finds that none of the possible grounds for relief under Rule 60(b) apply.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Julian Okeayainneh's Motion to Reconsider and Order Government to Provide Evidence [Docket No. 1265] is **DENIED**.

Dated:  September 9, 2018             s/ Michael J. Davis
                                      Michael J. Davis
                                      United States District Court