# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

  Plaintiff,

v.         **MEMORANDUM OF LAW & ORDER**
          Criminal File No. 11-87 (MJD/HB)

(1) JULIAN OKEAYAINNEH,

  Defendant.

Julian Okeayainneh, pro se.

## I. INTRODUCTION

This matter is before the Court on Defendant Julian Okeayainneh's Pro Se Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e)) [Docket No. 1277]; Part-2 and Addendum to Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e)) [Docket No. 1279]; and Pro Se Motion for New Trial Pursuant to Fed. R. Crim. P. 33(a) and (b) [Docket No. 1284].

1

## II. BACKGROUND

On February 28, 2012, after a trial, a jury found Defendant Julian Okeayainneh guilty of conspiracy to commit bank fraud, bank fraud, mail fraud, wire fraud, aggravated identity theft, conspiracy to commit money laundering, and trafficking in false authentication features, all as charged in the Third Superseding Indictment. [Docket No. 625] Defendant was acquitted on one count of aggravated identity theft.

Defendant filed a Post-Trial Motion for a New Trial [Docket No. 635] and a Post-Trial Motion for Judgment of Acquittal [Docket No. 636]. On June 22, 2012, the Court denied both motions. [Docket No. 667]

On August 13, 2012, the Court sentenced Defendant to a term of 324 months. [Docket No. 733] The sentencing judgment, entered on August 15, 2012, left the amount of restitution open. [Docket No. 759]

Defendant appealed both his conviction and his sentence. See United States v. Adejumo, 772 F.3d 513, 520 (8th Cir. 2014). He argued that the Court should have dismissed the Third Superseding Indictment based on the Speedy Trial Act; that the Court erred in denying his motion for judgment of acquittal on conspiracy to commit bank fraud based on insufficient evidence; that the Court erred in admitting an organizational chart into evidence at trial; that the Court

erred in admitting his proffer statements at trial; and that the Court erred in imposing sentencing enhancements for loss amount of more than $50 million, number of victims of at least 250, role, and obstruction of justice. Id. at 520, 526.

On August 15, 2013, while Defendant's appeal was pending, the Government moved to amend the sentencing judgment to include restitution in the amount of $4,368,192.01. [Docket No. 992] Defendant did not file a response to the Government's motion. On August 29, 2013, the Court entered an Amended Judgment, which included restitution of $4,368,192.01. [Docket No. 1001]

On November 25, 2014, the Eighth Circuit affirmed Defendant's conviction, affirmed all sentencing enhancements other than obstruction of justice, and remanded for resentencing based on the application of the obstruction of justice enhancement. [Docket No. 1046] See Adejumo, 772 F.3d at 539.

On December 22, 2015, the Court resentenced Defendant to the same 324-month sentence. [Docket Nos. 1155, 1158] The Second Amended Judgment again included restitution in the amount of $4,368,192.01. Defendant appealed his resentencing as substantively unreasonable. The Eighth Circuit Court of

Appeals affirmed, and the United States Supreme Court denied Defendant's petition for writ of certiorari and petition for rehearing. [Docket Nos. 1192, 1193, 1199, 1202, 1208] United States v. Okeayainneh, 668 F. App'x 681 (8th Cir. 2016).

In 2017, Defendant filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Docket No. 1219], as well as various related motions. On August 1, 2018, the Court denied Defendant's motions. [Docket No. 1256] On September 5, 2018, the Court denied Defendant's Motion to Reconsider and Order Government to Provide Evidence. [Docket No. 1266] Defendant sought to appeal both denials. [Docket Nos. 1259, 1268] On December 21, 2018, the Eighth Circuit denied certificates of appealability on both appeals. [Docket No. 1276]

On January 9, 2019, Okeayainneh filed a Pro Se Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e)). [Docket No. 1277] On January 31, 2019, Okeayainneh filed Part-2 and Addendum to Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e)). [Docket No. 1279]

4

On August 22, 2019, the Eighth Circuit issued a judgment denying Okeayainneh's petition for authorization to file a successive habeas petition. [Docket No. 1282]

On September 9, 2019, Okeayainneh filed the current Pro Se Motion for New Trial Pursuant to Fed. R. Crim. P. 33(a) and (b). [Docket No. 1284] He asserts that his motion for a new trial is based on newly discovered evidence in the form of an Amended Judgment issued on approximately May 15, 2017 vacating the restitution amount. Okeayainneh claims that this Amended Judgment shows that there was no loss amount because the restitution award was vacated. Therefore, the Government failed to prove that he committed bank fraud.

### III. DISCUSSION

####  A. Motion for a New Trial [Docket No. 1284]

##### 1. Motion under Federal Rule of Criminal Procedure 33

Defendant styles his motion in Docket No. 1284 as a motion for a new trial under Federal Rule of Criminal Procedure 33.

Under Rule 33 of the Federal Rules of Criminal Procedure, the Court may vacate any judgment and grant a new trial if the interest of justice so requires.

5

"Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case." Fed. R. Crim. P. 33(b)(1). "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Id. 33(b)(2). Although the Court cannot grant a motion for a new trial during an appeal, the time for filing a Rule 33 motion is not tolled while the case is on appeal. See, e.g., United States v. Jackson, No. CR 13-189, 2018 WL 3068191, at *1 (E.D. La. June 21, 2018); Carter v. United States, No. 1:09-CR-103-HSM-SKL-1, 2018 WL 1387065, at *11 n.10 (E.D. Tenn. Mar. 19, 2018).

Defendant was found guilty by a jury verdict on February 28, 2012, more than seven years before he filed the current Rule 33 motion. Thus, Defendant's Rule 33 motion is time-barred and is denied. See, e.g., United States v. Ortega, No. CR00-3020-MWB, 2007 WL 9701177, at *1 (N.D. Iowa May 3, 2007) (holding motion for new trial based on newly discovered evidence was time-barred when it was filed more than six and one-half years after the jury returned its guilty verdict).

Even if Defendant's Rule 33 motion based on newly discovered evidence were timely, it would still fail.

> To obtain a new trial, a defendant must show that: (1) the evidence was not discovered until after the trial; (2) due diligence would not have revealed the evidence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; (5) the evidence is such as to be likely to lead to acquittal.

United States v. Gianakos, 415 F.3d 912, 926–27 (8th Cir. 2005). "The standard for a new trial on this basis is rigorous because these motions are disfavored." United States v. Huggans, 650 F.3d 1210, 1225 (8th Cir. 2011) (citations omitted).

Defendant has failed to meet his burden of showing the existence of any new evidence which would likely produce an acquittal if a new trial were granted. The May 10, 2017 Order [Docket No. 1217] and May 10, 2017 Third Amended Judgment [Docket No. 1218], which vacated co-Defendant Adetokunbo Olubunmi Adejumo's restitution obligation, had no effect on Okeayainneh's restitution obligation other than to provide that Adejumo was no longer jointly and severally liable on any portion of Okeayainneh's restitution obligation. Okeayainneh's restitution obligation has not been vacated, as the Court addressed in its August 1, 2018 Order. There is no connection between the

vacating of Adejumo's restitution obligation and whether the Government proved that Okeayainneh committed all of the elements of the crimes charged.

### 2. Successive § 2255

Although Defendant's motion in Docket No. 1284 is titled as a motion for a new trial under Rule 33, in substance, Defendant's motion is a successive § 2255 motion. Before a Court can consider a successive habeas petition, whether based on newly discovered evidence or a new rule of constitutional law, a defendant must first obtain pre-authorization from the Court of Appeals. 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A). The Eighth Circuit has "consistently held that inmates may not bypass the limitation on successive habeas petitions" by bringing successive 2255 actions under other names. United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002). See also Melton v. United States, 359 F.3d 855, 857 (7th Cir. 2004) ("Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.").

Here, Defendant has not obtained Eighth Circuit authorization to file a successive habeas petition. Thus, properly construing the current Rule 33 motion as another § 2255 motion, the motion is barred as an unauthorized successive habeas.

B.     **Request to Take Judicial Notice [Docket Nos. 1277, 1279]**

Okeayainneh has filed a Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e)) [Docket No. 1277] and Part-2 and Addendum to Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e)) [Docket No. 1279]. In the Request, he states that the Court "shall **not** construe this **REVISED NOTICE** as 28 U.S.C. § 2255 et[] al.,: 28 U.S.C. § 2241; or Rule 60(b), other than pursuant to Article II – Rule 201 of the Fed. R. Evid. Movant is not seeking relief yet." (Request at 1.) Okeayainneh represents that he has attached evidence that the Assistant United States Attorney who prosecuted his case was not a proper representative of the United States and, thus, this Court had no jurisdiction over the prosecution. He requests that, based on the attached exhibits, the Court convene an evidentiary hearing to investigate whether it had jurisdiction over his

prosecution and trial. He further requests that the Court "take Judicial Notice that there is **prima facie** evidence of lack of subject-matter jurisdiction." (Request at 6.)

In "Part-2" of Okeayainneh's Request, he states that his Guideline calculations were based on an incorrect calculation of the loss amount and incorrect number of victims, as demonstrated by an order vacating restitution in 2017. He requests that the "Court take judicial Notice that there is prima facie evidence [] of lack of evidence to support the conviction and 324 months sentence imposed, and other facts as presented." (Part-2 at 4.)

Despite Defendant's request that his motions not be construed as successive § 2255 petitions, the motions are, in substance, successive § 2255 petitions for which he has failed to receive authorization from the Eighth Circuit. Additionally, Defendant has previously asserted the same claim that the Assistant United States Attorneys were not authorized to prosecute his case. As explained in the Court's August 1, 2018 Order, there is no basis for Defendant's motion as to its jurisdiction.

As to Defendant's claim that the enhancements for loss amount and number of victims were incorrectly calculated, the Court previously addressed

10

that claim in its August 1, 2018 Order, wherein it noted that the Eighth Circuit affirmed this Court's calculation of the loss amount and the 6-level enhancement for more than 250 victims. United States v. Adejumo, 772 F.3d 513, 526-28 (8th Cir. 2014). Moreover, the May 10, 2017 Third Amended Judgment, which vacated co-Defendant Adejumo's restitution obligation, had no effect on Okeayainneh's restitution obligation other than to provide that Adejumo was no longer jointly and severally liable on any portion of Okeayainneh's restitution obligation. Okeayainneh's restitution obligation has not been vacated, as the Court addressed in its August 1, 2018 Order. There is no basis to argue that Okeayainneh's Guidelines calculation or conviction were illegal in light of the Third Amended Judgment.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

    1.    Defendant Julian Okeayainneh's Pro Se Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on Matter of Judicial Notice (Fed. R. Evid. 201(e)) [Docket No. 1277] is **DENIED**.

    2.    Defendant's Part-2 and Addendum to Revised Request to Take Judicial Notice of Adjudicative Facts Pursuance to (Fed. Evid. R. 201(c)(2)) and for Evidence Rule 201(e) Hearing on

Matter of Judicial Notice (Fed. R. Evid. 201(e)) [Docket No. 1279] is **DENIED**.

3. Defendant's Pro Se Motion for New Trial Pursuant to Fed. R. Crim. P. 33(a) and (b) [Docket No. 1284] is **DENIED**.

Dated: October 2, 2019        s/ Michael J. Davis
                              Michael J. Davis
                              United States District Court