PUNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            **MEMORANDUM OF LAW & ORDER**
                              Criminal File No. 11-87 (MJD/HB)

(1) JULIAN OKEAYAINNEH,

    Defendant.

---

Allison Ethen, Assistant United States Attorney, Counsel for Plaintiff.

Julian Okeayainneh, pro se.

---

This matter is before the Court on Defendant Julian Okeayainneh's Pro Se Motion for Compassionate Release from Custody. [Docket No. 1302]

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

1

considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The Bureau of Prisons' ("BOP") Administrative Remedy Program is set forth in 28 CFR § 542.10 et seq. This program applies to all inmates under BOP responsibility and provides for a formal review of issues relating to any aspect of his confinement. Id. § 542.10 (a) and (b). Pursuant to these regulations, an inmate shall first raise an issue informally. Id., § 542.13(a). If the inmate did not resolve the issue informally, he may then file a formal Request to the Warden. Id. § 542.14. If the inmate is not satisfied with the Warden's decision at this stage, he may appeal the Warden's decision to the Regional Director within 20 days of the Warden's signed response. Id. § 542.15(a). Such an appeal must be filed on the appropriate form (BP-10). Id. Finally, the Regional Director's decision may be appealed by filing a BP-11 form with the Director of the National Inmate Appeals in the Office of the General Counsel. Id.

Before the Court can decide whether Defendant is entitled to compassionate release, he must first 1) exhaust administrative remedies as set

forth in the preceding paragraph or 2) show that he made a request for compassionate release to the Warden and the Warden did not respond within 30 days.

Defendant has shown that he made a request for compassionate release to the Warden more than 30 days ago.  However, because Defendant filed his motion before 30 days had passed after he submitted his request to the Warden, there is no evidence in the record regarding whether the Warden failed to respond within 30 days, or whether the Warden did respond, and Defendant appealed that decision administratively.  At this time, there is no proof that Defendant has exhausted administrative remedies and Defendant has failed to show that exhaustion would be futile, so the Court cannot rule on the merits of Defendant's motion.  Thus, the Court will stay Defendant's motion until such time as Defendant or the Government submits proof that he has exhausted administrative remedies.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

Defendant Julian Okeayainneh's Pro Se Motion for Compassionate Release from Custody [Docket No. 1302] is **STAYED** until the Court is notified that Defendant has exhausted administrative remedies.

Dated:   May 26, 2020          s/ Michael J. Davis
                               Michael J. Davis
                               United States District Court