# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

**ORDER**
Criminal File No. 11-87 (MJD/HB)

(1) JULIAN OKEAYAINNEH,

      Defendant.

Katharine T. Buzicky and Allison Kim Ethen, Assistant United States Attorneys, Counsel for Plaintiff.

Julian Okeayainneh, pro se.

On April 27, 2020, Defendant Julian Okeayainneh filed a Pro Se Motion for Compassionate Release from Custody. [Docket No. 1302]

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does

1

not exceed the unserved portion of the original term of imprisonment), after

considering the factors set forth in section 3553(a) to the extent that they are

applicable, if it finds that-- (i) extraordinary and compelling reasons warrant

such a reduction . . . and that such a reduction is consistent with applicable

policy statements issued by the Sentencing Commission."

On May 26, 2020, the Court stayed Defendant's motion until the Court is

notified that Defendant has exhausted administrative remedies.  [Docket No.

1308]  The Court explained that, before the Court can decide whether Defendant

is entitled to compassionate release, he must first 1) exhaust administrative

remedies as set forth in the order or 2) show that he made a request for

compassionate release to the Warden and the Warden did not respond within 30

days.

On December 22, 2020, the Court issued an Order noting that more than

six months had passed since the Court stayed Defendant's motion and no update

has been filed.  [Docket No. 1311]   The Court directed as follows:

> Within 45 days of the date of this order, the Government and
> Defendant must each file an update on the status of Defendant's
> exhaustion of administrative remedies.  If Defendant has still not
> exhausted administrative remedies at that time, the Court will
> dismiss, without prejudice, Defendant's pending motion for
> compassionate release.

More than 45 days have passed since the Court issued the December 22, 2020 Order.  Defendant has not filed an update with the Court.  The Government has filed a letter indicating that, as of February 1, 2020, the Bureau of Prisons has no record of Defendant making any request for compassionate release from the Warden of FCI Oakdale I or from the Bureau of Prisons more generally.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

> Defendant's Pro Se Motion for Compassionate Release from Custody [Docket No. 1302] is **DENIED WITHOUT PREJUDICE**.

Dated:  February 11, 2021                s/Michael J. Davis
                                          Michael J. Davis
                                          United States District Court